# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**SOLOMAN S. KENNEDY,**
also known as Solomon Kennedy                                         **PLAINTIFF**

**V.**                                                      **NO. 4:14-CV-77-DMB-DAS**

**BRAD CARSON, ET AL.**                                                **DEFENDANTS**

## MEMORANDUM OPINION

Before the Court is the *pro se* prisoner complaint of Soloman Kennedy, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For purposes of the Prison Litigation Reform Act, the Court notes that Plaintiff was incarcerated when he filed this suit. For the reasons below, the instant case will be dismissed for failure to state a claim upon which relief can be granted, and for failure to exhaust administrative remedies.

## I
## Factual Allegations and Procedural History

On December 31, 2013, Kennedy filed *pro se* an original complaint in the United States District Court for the Southern District of Mississippi, asserting failure to protect claims against five defendants stemming from events that occurred in Scott County, Mississippi, on July 12, 2013, through July 13, 2013. Doc. #1. On May 30, 2014, following six motions to amend the complaint and Kennedy's failure to comply with a court order, the District Court for the Southern District of Mississippi dismissed the five Scott County defendants and granted Kennedy's motions to amend the complaint. Doc. #18. Finding that Kennedy and all ten newly added defendants were located at the Mississippi State Penitentiary ("MSP"), and that all remaining claims concern the conditions of his confinement there, the Southern District Court transferred the action to the Northern District of Mississippi where MSP is located. *Id.* at 2−3.

In his first amended complaint, Doc. #8,[1] filed on January 21, 2014, Kennedy alleges that a warrantless search occurred during his April 17, 2013, arrest by a parole officer in Scott County, who has been dismissed from this case. In the attachment to his first amended complaint, Doc. #8-1, Kennedy submits a grievance arising out of an alleged assault occurring on January 9, 2014, at Unit 29 of the Mississippi State Penitentiary. He alleges that he should not have been housed near the inmates who attacked him because they were housed in C-Custody, which is more restrictive than Kennedy's classification of B-Custody. He also alleges that Defendants denied him adequate medical care and placed him in cells with only an iron bed and concrete floor.

Kennedy's second amended complaint, Doc. #10, filed on February 25, 2014, consists of allegations that he received inadequate medical treatment after being attacked by other inmates on January 9, 2014.

His third amended complaint, Doc. #11, filed on April 15, 2014, alleges that Kennedy has not been granted access to education or prison job opportunities because of his status in Unit 29 Administrative Segregation.

Kennedy's fourth amended complaint, Doc. #12, also filed on April 15, 2014, contains allegations that, after the January 9, 2014, incident, prison officials at Unit 29 would not place him in protective custody, and that prison guards are taking bribes from inmates and engaging in sex with the inmates.

Kennedy's fifth amended complaint, Doc. #15, filed on April 30, 2014, consists of allegations that inmates have few education opportunities, job training, or prison job opportunities. He also alleges that, at Unit 29, state inmates are not fed properly, that prison guards take bribes and engage in sex with inmates, and that there are insufficient cameras to capture events during which prison guards

---

[1] When the District Court for the Southern District of Mississippi granted Kennedy's motions to amend, Docs. #8, #10, #11, #12, #15, #17; it ordered that the motions also be considered his amended complaints. Doc. #18 at 3.

use force against inmates. In addition, Kennedy alleges that inmates do not receive due process protection after physical encounters with guards because they are not permitted to have witnesses testify on their behalf.

Finally, in Kennedy's sixth amended complaint, Doc. #17, filed on May 6, 2014, he reiterates his previous allegations regarding the January 9, 2014, incident, medical care afterwards, and denial of protective custody. He also states that another inmate threatened him but that Defendants still refuse to place him in protective custody. He is, however, being held in Unit 29 Administrative Segregation, which is substantially identical to protective custody.

## II
## Claims Against Scott County Defendants

Kennedy's original complaint, Doc. #1, filed on December 31, 2013, consists entirely of the July 2013 allegations against the Scott County defendants, who have already been dismissed from this action. Therefore, the claims arising out of his original complaint must be dismissed. Similarly, to the extent that Kennedy's first amended complaint, Doc. #8, involves claims against any of the Scott County defendants, such claims must also be dismissed.

## III
## Exhaustion of Administrative Remedies

Kennedy's remaining allegations involve events occurring *after* the December 31, 2013, filing of his original complaint and must therefore be dismissed for failure to exhaust. Although exhaustion of administrative remedies is an affirmative defense normally pled by a defendant, the Court may dismiss a *pro se* prisoner case if failure to exhaust is apparent on the face of the complaint. *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007). The Prison Litigation Reform Act states, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The administrative remedy program ("ARP") in place at Mississippi Department of Corrections facilities has been approved by this Court in *Gates v. Collier*, No. GC 71-6-S-D (N.D. Miss. 1971) (order dated February 15, 1994). A district court may dismiss a lawsuit if the plaintiff fails to complete the ARP. *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998), *cert. denied,* 119 S. Ct. 1809 (1999) (quoting *Rocky v. Vittorie,* 813 F.2d 734, 736 (5th Cir. 1987)). The exhaustion requirement is not jurisdictional. *Id.* at 293-95. But, "[a]bsent a valid defense to the exhaustion requirement, the statutory requirement enacted by Congress that administrative remedies must be exhausted *before the filing of suit* should be imposed." *Wendell v. Asher,* 162 F.3d 877, 890-91 (5th Cir. 1998) (emphasis added); *Smith v. Stubblefield*, 30 F.Supp.2d 1168, 1170 (E.D. Mo. 1998). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell,* 162 F.3d at 981 (citations omitted).

Here, the timeline of Kennedy's filings makes it facially apparent that he did not exhaust his administrative remedies before filing suit. Kennedy filed his original complaint on December 31, 2013. His first amended complaint, filed on January 21, 2014, asserts claims arising out of an alleged assault occurring on January 9, 2014. As noted above, his five subsequent amended complaints similarly assert claims arising out of the January 9, 2014, incident or events that occurred shortly thereafter. Thus, it is chronologically impossible for Kennedy to have exhausted administrative remedies for those claims before the original filing date of December 31, 2013. For that reason, the remaining claims in this case must be dismissed for failure to exhaust.

## IV
## Conclusion

For the reasons above, the instant case is dismissed for failure to state a claim upon which relief could be granted, and for failure to exhaust administrative remedies under the Prison Litigation Reform Act. A final judgment consistent with this memorandum opinion will issue.

SO ORDERED, this 14th day of April, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**